By the Court, Jones, J.
The assignment executed by Jaeger to Miller, under the order of this court, the testimony of Miller as to his efforts to collect the debts, the assignment by Zenick to M. Mattison & Co., and the assignment by Zenick to Austin Melvill, were all improperly received in evidence, as they were clearly irrelevant and improper testimony.
Having been received in evidence under objection duly taken by the defendant, the judgment against the defendant, must be reversed, for these errors, unless it clearly appears either that the other evidence was such as that if the jury had found for the defendant the court would have set aside the verdict on the ground that there were *587 certain undisputed facts which, notwithstanding all the. other evidence, imperatively called for a verdict for the plaintiff; or, that the irrelevant and improper testimony could not by possibility have influenced the jury in arriv- _ ing at the verdict which they rendered.
1. The other evidence in the case is not such as tó enable the court to say that upon it alone.the jury should have found for the plaintiff.
2. It does not clearly appear that the improperly admitted evidence did not, or could not by any possibility, have affected their verdict.
The question submitted for their determination was whether the assignment was fraudulent. The defendant, to show its fraudulent character, relied on various acts of Jaeger, his small pecuniary responsibility, and his business relations, in connection with other matters, one of which was an alleged fraudulent exaggeration of the preferred debt of Zenick. 'We cannot say but that the fact, shown by the improper testimony, that Jaeger had no longer any connection with the assignment, but that Miller was properly and vigorously conducting its business, ■ may" have influenced the jury, in weighing the evidence, to pay no regard to the acts of Jaeger, his responsibility or business relations.
3STor can we say but that the fact of Zenick’s having assigned a portion of his interest under the attacked assignment to two creditors who held, some of the notes given by him for the accommodation of the alleged fraud- ' ulent assignors, threw such a phase of honesty over the entire transaction, as to induce in the minds of the jury a belief that the amount for which Zenick was preferred by the assignment was honestly stated therein.
In these cases of fraud, but slight circumstances often turn the scale; and we cannot undertake to say but that *588 - this improperly admitted evidence turned the scale in favor of The plaintiff.
I am in favor of reversing the judgment and ordering a , new trial, with costs- to the appellant to abide the event.